BUCHANNAN et al. v. GRIBBLE. (No. 5991.)

(Court of Civil Appeals of Texas. Austin.
Nov. 5, 1919. Rehearing Denied
Dec. 17, 1919.)

1. TRIAL ⟐⟐260(1) — REFUSAL OF SPECIAL CHARGE EMBRACED IN GENERAL CHARGE.

Refusal to give a special charge was proper, where it was in substance embraced in the court's charge to the jury.

2. JUDGMENT ⟐⟐237(1)—FAILURE OF JUDGMENT TO MAKE DISPOSITION OF CASE AS TO ONE DEFENDANT AGAINST WHOM CASE WAS ABANDONED.

Where plaintiff abandoned his cause of action as against a defendant, there was no merit in an objection to judgment in plaintiff's favor that it was not a final judgment, because not in terms making any disposition of the case as to such defendant.

3. DISMISSAL AND NONSUIT ⟐⟐24—DISMISSAL AS TO ONE DEFENDANT AFTER VERDICT AND BEFORE JUDGMENT.

Error is not shown by the fact that, after verdict was returned in favor of plaintiff, plaintiff was permitted to dismiss his suit as to one of the defendants as to whom the jury made no finding, where such defendant was disposed of by the judgment; plaintiff having the right to dismiss as to him at any time before the judgment was rendered.

Appeal from Coryell County Court; H. E. Bell, Judge.

Action by L. T. Gribble against Ed. Buchannan and others. From judgment for plaintiff, defendants appeal. Affirmed.

T. R. Mears, of Gatesville, for appellants.
Watt L. Saunders, of Gatesville, for appellee.

KEY, C. J. Appellee sued appellants, and recovered a judgment for the value of two mules; and the defendants have appealed.

[1] The first assignment of error complains of the action of the trial court in refusing to give a special charge to the jury requested by the defendants. The charge was properly refused, because it was in substance embraced in the court's charge to the jury.

[2] The second assignment charges that

no final judgment was rendered, because the judgment does not in terms make any disposition of the case as to one of the defendants. In allowing appellants' bill of exception relating to that question, the trial judge made an explanatory statement which shows, in effect, that plaintiff abandoned his cause of action as against the defendant not mentioned in the judgment; and therefore, the assignment in question is overruled.

[3] The third and last assignment is predicated upon the fact that the record shows that after the verdict was returned the plaintiff was permitted to dismiss his suit as to one of the defendants, as to whom the jury made no finding. The defendant referred to is disposed of by the judgment, and we hold that the plaintiff had the right to dismiss as to him at any time before the judgment was rendered.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.